IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Danielle Simmons <br>                 Debtor | CHAPTER 13 |
| U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2 <br>                 Movant <br> vs. | NO. 15-14777 MDC <br><br> 11 U.S.C. Section 362 |
| Danielle Simmons <br>                 Debtor <br><br> William C. Miller Esq. <br>                 Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of August 10, 2018, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $1,136.29, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | July 1, 2018 to August 1, 2018 at $430.70/month |
| Repayment Stipulation Amount Due: | $147.66 for July 2018 |
| Suspense Balance: | ($122.77) |
| Fees & Costs Relating to Default: | $250.00 |
| **Total Post-Petition Arrears** | **$1,136.29** |

2. The Debtor shall cure said arrearages in the following manner:

   a) The Debtor shall pay the arrears with by August 31, 2018.

3. Beginning with the payment due September 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $430.70 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  August 13, 2018                By: /s/ Rebecca A. Solarz, Esquire
                                      Rebecca A. Solarz, Esquire

Date:  8/15/18
                                      Georgette Miller, Esquire
                                      Attorney for Debtor

Date:  8/20/18
                                      William C. Miller, Esquire
                                      Chapter 13 Trustee *NO POSITION without prejudice to any trustee rights or remedies

Approved by the Court this 22nd day of August, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman