**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Danielle Simmons, | : | |
|     Debtor. | : | Bankruptcy No. 15-11477-MDC |

# **O R D E R**

**AND NOW**, Georgette Miller (the "Applicant") filed with the Court a Supplemental Application for Compensation and Reimbursement of Expenses dated March 16, 2020 (the "Supplemental Application"), by which the Applicant seeks supplemental compensation in the amount of $2,572.00 and supplemental expenses in the amount of $105.00 (together, the "Supplemental Fees and Expenses").[1]

**AND**, this Court previously entered an Order dated March 24, 2020, wherein this Court allowed compensation in favor of the Applicant in the total amount of $3,000.00 and expenses in the amount of $273.00 (the "Awarded Fees and Expenses").[2]

**AND**, this case involves the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's income is above median or below median); Official Form B-122C (requiring less financial disclosure from below median debtors).

**AND**, the Supplemental Fees and Expenses, when added to the Awarded Fees and Expenses, total an amount that exceeds the amount that this Court is authorized, pursuant to L.B.R. 2016-3(a)(1), to allow in chapter 13 cases involving below-median debtors.

**AND**, L.B.R. 2016-2 requires an application for compensation must include, among other things, a chronological description of each service performed, the time expended for each service and a list by type of the expenses for which reimbursement is sought. L.B.R. 2016-3(a)(1) & (2).

---

[1] Bankr. Docket No. 121.

[2] Bankr. Docket No. 132.

It is hereby **ORDERED** and **DETERMINED** that:

1. The Applicant failed to comply with L.B.R. 2016-2(a)(1) and (2) because the Applicant failed to attach to the Supplemental Application a copy of the Applicant's relevant time records or support for the expenses requested.

2. Within 14 days of the date of this Order, the Applicant shall file an amendment to the Supplemental Application complying with L.B.R. 2016-2 (the "Amendment").

3. The Applicant shall, in the Amendment, address whether the Debtor's confirmed Chapter 13 Plan is adequately funded to pay the Supplemental Fees and Expenses requested.

4. The Supplemental Application is **HELD IN ABEYANCE** pending the Applicant's satisfaction of the requirements of this Order. In the event the Applicant fails to timely comply with the requirements of this Order the Court may deny the Supplemental Application with prejudice.

Dated: April 23, 2020

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Georgette Miller, Esquire
Law Office of Georgette Miller Esq. PC
335 Evesham Avenue
Lawnside, NJ 08045

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

2