**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Danielle Simmons, | : | |
| Debtor. | : | Bankruptcy No. 15-14777-MDC |

# O R D E R

**AND NOW**, pursuant to the Supplemental Applications for Compensation and Reimbursement of Expenses for Services Performed After Confirmation of Chapter 13 Plan (the "Application")[1] filed by Georgette Miller, Esq. (the "Applicant"), counsel to Danielle Simmons (the "Debtor"), the Applicant requests the allowance of supplemental compensation in the amount of $2,572.00 and the reimbursement of expenses in the amount $105.00 (the "Requested Compensation and Expenses").

**AND**, on April 22, 2020, the Court entered an Order granting the Applicant compensation in the amount of $3,000.00 and expenses in the amount of $273.00 (the "Base Compensation and Expenses").[2]

**AND**, on June 22, 2020, the Court entered an Order granting the Applicant supplemental compensation in the amount of $1,598.00 and expenses in the amount of $252.00 (the "Supplemental Compensation and Expenses" and together with the Base Compensation and Expenses, the "Previously Awarded Compensation and Expenses").[3]

**AND**, on May 18, 2017, the Court entered an Order[4] confirming the Debtor's Amended Chapter 13 Plan (the "Plan").[5]

---

[1] Bankr. Docket No. 121.

[2] Bankr. Docket No. 132.

[3] Bankr. Docket No.143.

[4] Bankr. Docket No. 69.

**AND**, the Plan provides that the Applicant will be paid $3,300.00 for attorney's fees and $1,700.00 as a supplemental fee. Plan, §4(a).

**AND**, no motion to modify the Plan to provide for payment of the Requested Fees and Expenses has been filed or granted.

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

---

[5] Bankr. Docket No. 24.

It is hereby **ORDERED** that the Application is **DENIED,** and the Requested Compensation and Expenses are disallowed as inconsistent with the terms of the Plan, which only provides for sufficient funds to pay the Previously Awarded Compensation and Expenses.

Dated: June 22, 2020

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Georgette Miller, Esquire
Law Office of Georgette Miller Esq. PC
335 Evesham Avenue
Lawnside, NJ 08045

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

3