United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Danielle Simmons  
    Debtor

Case No. 15-14777-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: John     Page 1 of 1     Date Rcvd: Jun 23, 2020  
                 Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 25, 2020.  
db          +Danielle Simmons,    1631 W. Mentor Street,    Philadelphia, PA 19141-1511

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 24 2020 05:42:37     U.S. Attorney Office,  
           c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404  
                                                                                                                                                                                                                       TOTAL: 1

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 25, 2020                                             Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 23, 2020 at the address(es) listed below:

       ANDREW F GORNALL    on behalf of Creditor    U.S. Bank National Association, Et Al...  
       agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com  
       BRIAN CRAIG NICHOLAS    on behalf of Creditor    U.S. Bank National Association, as Trustee,  
       successor in interest to Bank of America, National Association, as Trustee, successor by merger  
       to LaSalle Bank National Association, as Trustee for First F bnicholas@kmllawgroup.com,  
       bkgroup@kmllawgroup.com  
       GEORGETTE MILLER    on behalf of Plaintiff Danielle  Simmons mlee@margolisedelstein.com,  
       georgettemillerlaw@gmail.com;jcarlson@margolisedelstein.com;gmecfmail@gmail.com;smithcr50524@noti  
       fy.bestcase.com;millergr50524@notify.bestcase.com;dmayberry@georgettemillerlaw.com  
       GEORGETTE MILLER    on behalf of Debtor Danielle  Simmons mlee@margolisedelstein.com,  
       georgettemillerlaw@gmail.com;jcarlson@margolisedelstein.com;gmecfmail@gmail.com;smithcr50524@noti  
       fy.bestcase.com;millergr50524@notify.bestcase.com;dmayberry@georgettemillerlaw.com  
       JOSHUA I. GOLDMAN    on behalf of Creditor    U.S. Bank National Association, Et Al...  
       Josh.Goldman@padgettlawgroup.com  
       KEVIN M. BUTTERY    on behalf of Creditor    U.S. Bank National Association, not in its individual  
       capacity but solely as Trustee for MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE  
       LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-2 cdigianantonio@rascrane.com  
       KEVIN S. FRANKEL    on behalf of Creditor    Nationstar Mortgage, LLC. pa-bk@logs.com  
       MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank National Association, as Trustee,  
       successor in interest to Bank of America, National Association, as Trustee, successor by merger  
       to LaSalle Bank National Association, as Trustee for First F bkgroup@kmllawgroup.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank National Association, as Trustee,  
       successor in interest to Bank of America, National Association, as Trustee, successor by merger  
       to LaSalle Bank National Association, as Trustee for First F bkgroup@kmllawgroup.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank National Association, Et Al...  
       bkgroup@kmllawgroup.com  
       THOMAS I. PULEO    on behalf of Creditor    U.S. Bank National Association, as Trustee, successor  
       in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle  
       Bank National Association, as Trustee for First F tpuleo@kmllawgroup.com,  
       bkgroup@kmllawgroup.com  
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
       WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com  
                                                                                                                                                                                                            TOTAL: 13

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Danielle Simmons, | : | |
|         Debtor. | : | Bankruptcy No. 15-14777-MDC |

# <u>O R D E R</u>

**AND NOW**, pursuant to the Supplemental Applications for Compensation and Reimbursement of Expenses for Services Performed After Confirmation of Chapter 13 Plan (the "Application")[1] filed by Georgette Miller, Esq. (the "Applicant"), counsel to Danielle Simmons (the "Debtor"), the Applicant requests the allowance of supplemental compensation in the amount of $2,572.00 and the reimbursement of expenses in the amount $105.00 (the "Requested Compensation and Expenses").

**AND**, on April 22, 2020, the Court entered an Order granting the Applicant compensation in the amount of $3,000.00 and expenses in the amount of $273.00 (the "Base Compensation and Expenses").[2]

**AND**, on June 22, 2020, the Court entered an Order granting the Applicant supplemental compensation in the amount of $1,598.00 and expenses in the amount of $252.00 (the "Supplemental Compensation and Expenses" and together with the Base Compensation and Expenses, the "Previously Awarded Compensation and Expenses").[3]

**AND**, on May 18, 2017, the Court entered an Order[4] confirming the Debtor's Amended Chapter 13 Plan (the "Plan").[5]

---

[1] Bankr. Docket No. 121.

[2] Bankr. Docket No. 132.

[3] Bankr. Docket No.143.

[4] Bankr. Docket No. 69.

**AND**, the Plan provides that the Applicant will be paid $3,300.00 for attorney's fees and $1,700.00 as a supplemental fee. Plan, §4(a).

**AND**, no motion to modify the Plan to provide for payment of the Requested Fees and Expenses has been filed or granted.

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's *inherent* obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

---

[5] Bankr. Docket No. 24.

It is hereby **ORDERED** that the Application is **DENIED,** and the Requested Compensation and Expenses are disallowed as inconsistent with the terms of the Plan, which only provides for sufficient funds to pay the Previously Awarded Compensation and Expenses.

Dated: June 22, 2020

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Georgette Miller, Esquire
Law Office of Georgette Miller Esq. PC
335 Evesham Avenue
Lawnside, NJ 08045

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

3